UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
**UNITED STATES OF AMERICA,**

         -against-                          **MEMORNDUM DECISION AND ORDER**
                                                              16-CR-297 (AMD)

**MICHAEL VAILES,**

                              Defendant.
------------------------------------------------------------x

**ANN M. DONNELLY**, United States District Judge:

Currently before the Court is the defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The defendant argues that the COVID-19 pandemic, his efforts at rehabilitation and his family's needs warrant a modification of his sentence. (ECF Nos. 369, 373.) The Government opposes. (ECF No. 376.) For the reasons that follow, the defendant's application is denied.

## BACKGROUND

In June of 2016, the defendant was indicted for participating in a narcotics conspiracy. (ECF No. 1.) On April 13, 2017, the defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine. On September 11, 2017, I sentenced the defendant to 78 months of imprisonment and five years of supervised release.[1]

The defendant, currently incarcerated at FCI Oxford, has now served 48 months of his sentence. According to the Federal Bureau of Prisons' website, he is scheduled to be released on

---

[1] This sentence is below the applicable guidelines range, and at the bottom of the range reflected in the defendant's plea agreement with the Government.

February 6, 2021.[2] *See* Federal Bureau of Prisons Inmate Locator, www.bop.gov/inmateloc/ (Registration Number: 89407-053).

The defendant made an administrative request for a reduction in his sentence, which Warden Matthew Marske denied on May 19, 2020. (ECF No. 368.) On May 26, 2020, the defendant moved *pro se* before this Court to have his sentence modified because of the COVID-19 pandemic, and because his early release would allow him to care for his father, who has health conditions, and for his three children. (ECF No. 369.) On May 29, 2020, I appointed counsel to represent the defendant and allowed the defendant to supplement his motion with counsel's assistance. The defendant supplemented his motion on June 8, 2020 (ECF No. 373), and the Government opposed the motion on June 15, 2020 (ECF No. 376).

## DISCUSSION

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (the "First Step Act"), sets forth the conditions under which a court may modify a term of imprisonment upon a motion by the director of the Bureau of Prisons or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). If a defendant exhausts his administrative remedies, Section 3582 permits the Court to reduce a term of imprisonment or supervised release "after considering the factors set forth in section 3553(a) . . . if [the Court] finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

---

[2] According to the defendant, his sentence was reduced because he successfully completed the BOP's Residential Drug Abuse Program.

A defendant can meet the exhaustion requirement in either of two ways: (1) by "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf[,]" or (2) after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *United States v. Scparta*, No. 18-CR-578, 2020 WL 1910481, at *4 (S.D.N.Y. Apr. 20, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Government does not press an exhaustion argument here, but notes that the defendant's motion was technically premature. (*See* ECF No. 376 at 8 n.4.) Thirty days have now passed since the defendant made his request to the warden. (*See* ECF No. 368 (the warden denied the defendant's request on May 19, 2020)); *United States v. Morris*, No. CR 12-154, 2020 WL 2735651, at *5 (D.D.C. May 24, 2020) (Section 3582(c)(1)(A) "explicitly allows a defendant to file a compassionate release motion before he has exhausted his administrative remedies so long as he waits 30 days.").[3] Accordingly, the exhaustion requirement does not bar relief.

Once a defendant meets the exhaustion requirement, Section 3582 permits the Court to reduce the defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction[.]" The defendant bears the burden of demonstrating that "extraordinary and compelling reasons" merit a reduced sentence. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."). A court considering a defendant's motion "is in a unique position to determine whether the circumstances warrant a reduction (and,

---

[3] Judges in this district and the Southern District have exercised discretion to waive the exhaustion requirement in light of the pandemic. *Compare United States v. Livingston*, No. 18-CR-416, 2020 WL 1905202, at *1 (E.D.N.Y. Apr. 17, 2020) (waiving requirement) *and United States v. Russo*, No. 16-CR-441, 2020 WL 1862294, at *6 (S.D.N.Y. Apr. 14, 2020) (waiving requirement) *with United States v. Roberts*, 18-CR-582-5, 2020 WL 1700032, at *2 (S.D.N.Y. Apr. 8, 2020) (declining to waive).

if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community." Application Note 4, U.S.S.G. § 1B1.13.

The defendant cites the COVID-19 pandemic as an extraordinary and compelling circumstance that warrants reducing his sentence, and argues that the 18 U.S.C. § 3553(a) factors weigh in favor of his release. The defendant concedes that he has no underlying health conditions that make him more susceptible to COVID-19, but maintains that the high risk of accelerated transmission of COVID-19 in jails and prisons, including at Oxford FCI where three inmates have tested positive for the virus, warrants release. (ECF No. 373 at 2-4; ECF No. 378.) The defendant also points to his efforts at rehabilitation, his family support, and the hardship that his incarceration causes for his partner, who has to juggle work and caring for their children, as well as for the defendant's father, who lives alone, suffers from diabetes and a heart condition and has few people to take care of him. (ECF No. 373 at 4-5.)

"Several courts in this Circuit have found that the combination of a personal COVID-19 risk factor and an especially high-risk prison atmosphere can support a finding that there is an 'extraordinary and compelling reason' as defined in this provision of the Sentencing Guidelines." *United States v. Salvagno*, No. 02-CR-51, 2020 WL 3410601, at *5 (N.D.N.Y. April 23, 2020), *reconsideration denied* (June 22, 2020) (collecting cases); *see also United States v. Chappell*, No. 16-CR-512, 2020 WL 3415229, at *2 (S.D.N.Y. June 22, 2020) ("[N]umerous courts have recently concluded that 'extraordinary and compelling reasons' exist for the purposes of the policy statement where inmates suffer from medical conditions that place them at a higher risk of

4

serious illness in the event they contract COVID-19.") (quoting *United States v. Gross*, No. 15-CR-769, 2020 WL 1862251, at *3 (SDNY Apr. 14, 2020)) (internal quotation marks omitted).

While I am sympathetic to the defendant's concerns about contracting COVID-19, he has not established that the pandemic presents an "extraordinary and compelling" reason for his release, because he has no conditions that make him particularly vulnerable to COVID-19. *See United States v. Poncedeleon*, No. 18-CR-6094, 2020 WL 3316107, at *3 (W.D.N.Y. June 18, 2020) (denying compassionate release because the defendant "has not demonstrated that she is in the class of medically vulnerable inmates for whom the disease presents a palpable risk of death or serious harm"); *United States v. Gioeli*, No. 08-CR-240, 2020 WL 2572191, at *4 (E.D.N.Y. May 21, 2020) ("Without minimizing the seriousness of the pandemic and the present conditions at [the defendant's facility], I cannot find that the danger defendant faces from the mere threat of exposure to COVID-19 constitutes an extraordinary and compelling reason for granting compassionate release."); *United States v. Morrison*, No. 16-CR-551, 2020 WL 2555332, at *2 (S.D.N.Y. May 20, 2020) ("This Court aligns itself with those courts that have found that the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease.") (citations and quotation marks omitted).

Nor do the defendant's other circumstances, together with the pandemic, justify a reduction in his sentence. The notes to U.S.S.G. § 1B1.13(1) list two family circumstances that may constitute extraordinary and compelling reasons: (1) "The death or incapacitation of the caregiver of the defendant's minor child or minor children," and (2) "The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available

caregiver for the spouse or registered partner." There is no question that a defendant's incarceration is painful and burdensome to family members, who must bear the stress of managing their lives without the defendant's help. It is an unfortunate fact, however, that these burdens are common to almost all families of incarcerated people, and do not constitute extraordinary or compelling factors. I commend the defendant on his efforts to rehabilitate himself, but these efforts do not warrant early release. *See Poncedeleon*, 2020 WL 3316107, at *3 ("As for Defendant's rehabilitative and behavioral record, those efforts are certainly worth commending, but it does not weigh heavily in favor of release. Indeed, by itself, rehabilitation of the defendant cannot constitute an 'extraordinary and compelling' reason justifying compassionate release.").

I also consider the Section 3553(a) factors that support the defendant's position. The defendant has served a substantial portion of his sentence, has made rehabilitation efforts, and has strong family ties.[4] Nevertheless, on balance, I conclude that the defendant has not presented extraordinary and compelling reasons warranting a reduction in his sentence.

## CONCLUSION

For the reasons stated above, the defendant's motion for compassionate release is denied.

**SO ORDERED.**

s/Ann M. Donnelly

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      July 10, 2020

---

[4] As the defendant acknowledges, he has already received a reduction in his 78-month sentence based on his completion of the RDAP program.

6